MR. JUSTICE SHEEHY,
dissenting:
The majority in this case have established a few “disregards” of their own, which in turn ought to be disregarded.
They have disregarded the purpose of AFDC payments, which is to *342 benefit children. The concern of the AFDC program is for children, for their food, clothing, and shelter, to aid their expenses. Any restrictive regulation which reduces AFDC payments reduces benefits applicable to children. The protection of children is the paramount goal of the AFDC program. Rosen v. Hursh (8th Cir. 1972), 464 F.2d 731.
The majority disregarded that their interpretation of the federal statutes and regulations may result in the elimination of any AFDC payments to these children. The earnings of the mother may be such that refusal of the deduction of incurred costs for day care places the mother in an income bracket where she is not eligible to receive AFDC payments on behalf of her children.
Finally the majority have disregarded the work-incentive nature of the federal law permitting the deduction of day care costs. The majority reduce the value of the work-incentive by their decision.
“The AFDC program is designed to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them. A principle purpose of the program, as indicated by 43 U.S.C. 601, is to help such parents and relatives ‘to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection . . .’”
Shea v. Vialpando (1974), 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120, 125.
The principle to which we should adhere in this case is that day care expenses reasonably attributable to the earning of income by the parent should be disregarded when incurred. Simpson v. Miller (D.C. Ill. 1982), 535 F.Supp. 1041.
The intent of Congress and the federal agencies to limit deductions for day care to costs actually paid and not incurred costs is not as clear as the majority would make out. The departmental regulations allow the deduction of “(c) an amount equal to the actual cost, but not to exceed $160 ... for the care of each dependent child . . .” 45 C.F.R. 233.20(a)(11)(i)(c).
The term “actual cost” does not necessarily mean “actually paid” costs. It may indeed include incurred costs because incurred costs are as actual as those for which payment has been made. No federal case that I can find applies the majority rule set out here. The United States Supreme Court enunciated in Shea v. Vialpando, supra, that “we read this language as a congressional directive that no limitation, apart from that of reasonableness, may be placed *343 upon the recognition of expenses attributable to the earning of income . . ." 416 U.S. at 260, 94 S.Ct. at 1753, 40 L.Ed.2d at 129. The Supreme Court, in Shea, relied on the congressional history set forth in S.Rep. No. 1589, 87th Cong. 2d Sess. 17-18 (1962):
“Under present law . . . states are permitted, but not required, to take into consideration the expenses an individual has in earning any income (this practice is not uniform in the country and in a substantial number of states full consideration of such expenses is not given.) The committee believes that it is only reasonable for the states to take these expenses fully into account. Under existing law if these work expenses are not considered in determining need, they have the effect of providing a disincentive to working since that portion of the family budget spent for work expenses has the effect of reducing the amount available for food, clothing, and shelter. The bill has, therefore, added a provision in all assistance titles requiring the states to give consideration to any expenses reasonably attributable to the earning of income.” (Emphasis added in original.)
416 U.S. 263, 94 S.Ct. 1755, 40 L.Ed.2d 131.
An incurred cost for day care, though not paid, is an expense reasonably attributable to the earning of income in the case of a working mother.
A weak argument by the majority is that to allow incurred costs in the month in which the day care costs are incurred would result in extra bookkeeping, complex paper work, and inefficient administration. This must be true: if costs of day care, whether incurred or paid for, are disregarded in the month the day care is supplied, the actual cost of day care will always be the amount disregarded. No additional bookkeeping is required under this procedure. There is far more bookkeeping involved in recording monthly paid and unpaid costs of day care, and the accounting of day care costs paid in subsequent months, then there would be in taking “these expenses fully into account” in the month when the expenses are incurred.
Equally weak is the argument that somehow through fraud, a working parent may over a three-month period squander $147 of the children’s benefits. It is entirely consonant with ordinary experience that payment of bills may sometimes be deferred. The legal obligation to pay remains. No fraud is involved in the deferral.
*344 The District Court was correct in its determination, and its order ought to be affirmed.
MR. JUSTICES HARRISON and HUNT concur in the foregoing dissent.